LOVE, J.,
Dissents and Assigns Reasons.
_|jl respectfully dissent. On appellate review, summary judgments are reviewed de novo. Duncan v. U.S.A.A, 06-0363, p. 3 (La.11/26/06), 950 So.2d 544, 547. Thus, “a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.” La. Code Civ. Proc. Ann. art. 966(C).
The Management Agreement (“the Agreement”) attempted to transfer ownership of Cookery with the principal asset of the business being the lease with the French Market Corporation (“FMC”) along with $25,000 in inventory and equipment for the $215,000 purchase price. Both parties concede that the cause of the promissory note and the Agreement was the lease. Consequently, the lease and its assignability are at the crux of this case, and the question of whether Mr. Tufail breached the Agreement cannot stand alone, as Mr. Wellman and Mr. Collier (“the sellers”) suggest.
The operative provision of the 1997 lease states:
The tenant shall not assign, transfer, sublease, pledge, hypothecate, surrender, or otherwise encumber or dispose of this lease or estate created by this lease, or any interest or any portion of the same, or permit any other person or persons, company or corporation to occupy the premises.
|j>The sellers assert that the Agreement did not assign or transfer the lease because Cookery remained the tenant before and after the “sale of stock” to Mr. Tufail. This interpretation of the lease ignores the restrictions placed on the tenant. Even if Cookery remained the tenant before and after the sale, the Agreement still violated the lease because it hypothecated an interest in the lease in favor of the sellers. The Agreement gave the sellers the right to cure notice from the FMC, creditors or government agency if Mr. Tufail failed to cure or make a good faith effort to cure. Additionally, it gave the sellers the right to use the stock power to reclaim their inter *64 est and take over the lease in the event Mr. Tufail defaulted on the note.
Further, I disagree with the majority’s conclusion that Mr. Tufail is obligated on the promissory note because it overlooks the undisputed fact that the lease was the principal purpose and cause for the Agreement. Because the lease is not transferable, Mr. Tufail paid for a worthless lease and non-existing right. As the trial court pointed out, “it doesn’t make sense for [Mr. Tufail] to give [the sellers] $200,000 for $25,000 and a name.” The value of the stock consisted in large part of the lease of the French Market location, without which the value would be significantly less. Still, the sale of the business constituted both a sale of the lease and an encumbrance of the lease in favor of the sellers should Mr. Tufail default on the promissory note, and thus a violation of the lease terms. I find there is no genuine issue of material fact that the Agreement violated the lease and the FMC terminated the Cookery lease as a result. Accordingly, I would affirm the trial court’s ruling granting Mr. Tufail’s motion for partial summary judgment and the trial court’s May 21, 2012 judgment awarding damages.